# United States Bankruptcy Court
## Southern District of Georgia

16-11238

In re **Anisa Nicole Hankerson** Debtor(s)

Case No.
Chapter **13**

## CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ **829.00** for the applicable commitment period of:

☐ 60 months: **or**
☑ a minimum of 36 months. § 1325(b)(4).

(If applicable include the following): These plan payments change to $____ in month ____.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) The Trustee percentage fee as set by the United States Trustee.

(b) Attorney fees allowed pursuant to § 507(a)(2) of $ **3,000.00** to be paid in accordance with applicable General Orders of this Court.

(c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

| CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
|---|---|---|
| **-NONE-** | | |

**IN THE ALTERNATIVE:**
☑ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

| CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|
| **Chase Mortgage** | **$649.00** |
| **US Dept of ED/GLELSI (See paragraph 8)** | **$0.00** |
| **Nelnet (See paragraph 8)** | **$0.00** |

(e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

| CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Augusta VAH FCU** | **Chrysler Sebring 100,000 miles Location: 2301 Hiwatha Dr., Augusta GA 30906** | **$6,828.00** | ***see paragraph 8*** | **$68.00** |
| **Bridgecrest Credit** | **Hyundai Sonata 47,000 miles Location: 2301 Hiwatha Dr., Augusta GA 30906** | **$21,173.00** | ***see paragraph 8*** | **$212.00** |
| **Farmers Furniture** | **Stove Location: 2301 Hiwatha Dr., Augusta GA 30906** | **$1,178.00** | ***see paragraph 8*** | **$12.00** |

16-11238

(f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to §506 and provide payment in satisfaction of those claims as set forth below:

| CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | % | |

(g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|
| **Chase Mortgage** | **$2,000.00** |

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____ %; ☑ without interest.

CREDITOR
**-NONE-**

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶2(f) or 6, will be paid a **1** % dividend or a prorata share of $ **829.00** , whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **Augusta VAH FCU** | **$68.00** |
| **Bridgecrest Credit** | **$212.00** |
| **Farmers Furniture** | **$12.00** |

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|
| **-NONE-** | |

5. Pursuant to 11 U.S.C. §522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|
| **Collection Receivables Inc.** | **Judgment lien - all real and personal property** |
| **Midland Funding LLC** | **Judgment lien - all real and personal property** |

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions:

**Upon granting of a discharge in this case, all secured creditors that were paid through the plan shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filing, judgment liens, titles and/or any other lien claim of any kind against property of the debtor(s). This paragraph shall in no way apply to mortgages and/or other secured debts that are not paid through the Debtor's Chapter 13 plan.**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

16-11238

**Provided there is no demand by the mortgage holder(s) for payment of pre-petition debt, the Debtor(s) shall not consider it to be a violation of the automatic stay for Debtor's (Debtors') mortgage holder(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes or other such notices as the mortgage holder(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of the Debtor(s). Debtor(s) further request the mortgage holder(s) allow the Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (EFTs), telephonic payments, money orders, Western Union or any other manner acceptable to the mortgage holder.**

**Secured creditors to be paid through the Chapter 13 plan shall be paid 4.5 % interest. Debtor(s) shall maintain full coverage insurance on secured collateral.**

**Student loan plan provisions:**

- **Debtor(s) acknowledge student loan debts are non-dischargeable. The Debtor is *not* seeking nor does this Plan provide for any discharge, in whole or in part, of the Debtor's student loan obligations.**

- **Debtor(s) student loans owed to U.S. Department of Education and serviced by NelNet and GLESI, their successors and/or assigns are not included in the debtor(s) chapter 13 plan payments. With the assistance of her attorney, Debtor is applying for an Income-Driven Repayment plan (IDR) and all of the student loans owed to the U.S. Department of Education shall be treated as a long-term debt outside of the Debtor's Chapter 13 plan.**

- **The Debtor shall be allowed to seek and/or continue in any applicable income-driven repayment (IDR) plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (collectively referred to hereafter as "ED"), without disqualification due to the Debtor's bankruptcy. Additionally, payments made by the Debtor pursuant to an IDR plan shall be counted as a qualifying payment by the ED toward any forgiveness program offered by ED *provided* the Debtor is otherwise qualified for such forgiveness program including, but not limited to, the Public Service Loan Forgiveness program. *Specifically,* this Debtor desires apply for a repayment under IDR and after approval of the IDR repayment application, Debtor desires continue to participate in the IDR plan, seek recertification of her eligibility on an annual basis, and apply for a different IDR plan should one be determined to be of greater benefit to the Debtor and/or participate in any forgiveness program for which the Debtor qualifies without disqualification due to the Debtor's bankruptcy status.**

- **Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan. The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.**

- **Upon determination by Ed of the Debtor's qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Modification to Chapter 13 Plan After Confirmation to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.**

- **The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of the updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Modification to Chapter 13 Plan After Confirmation to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.**

- **During the pendency of any application by the Debtor to consolidate the Debtor's student loans, to enroll in IDR, direct payment of Debtor's student loans under an IDR, or during the pendency of any default in payments of the student loans under an IDR, it shall *not* be a violation of the automatic stay issued in this case or any other State or Federal laws for Ed to send the Debtor normal monthly**

16-11238

**statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and emails.**

- **In the event of any direct payments that are more than 30 days delinquent, the Debtor shall notify Debtor's attorney, who will in turn notify the Chapter 13 Trustee, and the Debtor will take appropriate action to rectify the delinquency.**

- **The Debtor's attorney will seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR. It is anticipated Debtor's attorney may seek additional compensation on an annual basis as for services rendered in the Debtor's recertification and performance under IDR. Debtor's attorney will request all such additional compensation to be paid through the Debtor's Chapter 13 plan. Any additional attorney compensation sought by and approved by court shall be paid through the Debtor's Chapter 13 plan.**

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supersede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Date **September 9, 2016**

Signature **/s/ Anisa Nicole Hankerson**
**Anisa Nicole Hankerson**
Debtor

*Revised 10/2005*